UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMANTHA JOHNSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-cv-106 DRL-MGG |
| BERRIEN COUNTY MICHIGAN *et al.*, | |
| Defendants. | |

OPINION & ORDER

For reasons still unknown, despite two show cause orders, Samantha Johnson hasn't complied with all court orders or rules. The defendants, treated together here as Berrien County, have filed a second motion to dismiss for her failure to prosecute the case under Federal Rule of Civil Procedure 41(b). The court set a show cause hearing and parallel hearing under Rule 16, but Ms. Johnson never appeared. After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice and referred to the Attorney Grievance Commission of the State of Michigan.

BACKGROUND

The following facts emerge from Ms. Johnson's amended complaint. On February 21, 2017, Ms. Johnson sat in the passenger seat of a car engaged in a high-speed chase fleeing from Berrien County Sheriff Deputy Walls across the Michigan border into Indiana. Her vehicle thereafter collided with another vehicle. Ms. Johnson sustained multiple serious injuries. She sued.

On July 11, 2019, the magistrate judge ordered the parties to exchange initial disclosures and the names of the unknown defendants by August 30, 2019; file amended pleadings by November 1, 2019; and complete all discovery by October 31, 2020. The parties were ordered to select a mediator by January 3, 2020 and engage in mediation by May 30, 2020. As ordered, Berrien County timely

disclosed the names of the two unnamed law enforcement officers that Ms. Johnson sued. She never filed an amended complaint to correct her pleading.

After roughly 260 days of inactivity, dating as far back as the deadline for her initial disclosures, Berrien County moved to dismiss this case for Ms. Johnson's failure to prosecute the case. It argued that she never exchanged her initial disclosures as required by Rule 26(a)(1) and the deadline set by the magistrate judge, never amended her pleading, and never participated in discovery or the selection of a mediator. Ms. Johnson responded to the motion, denying that she violated the court's scheduling order but providing no useful information to the court to determine her compliance.

Point of fact, notwithstanding the duty of candor, she denied "as untrue" the claim that she hadn't provided her initial disclosures to Berrien County. She also denied "as untrue" that Berrien County had identified the two unnamed law enforcement officers, that she hadn't filed any amended complaint by the deadline, and that she hadn't participated in the selection of a mediator, though for at least the first two statements the federal docket demonstrably showed her representations to be inaccurate. Only her statements about the initial disclosures and participation in the selection of a mediator left some doubt.

The court preliminarily denied the Berrien County's motion to dismiss with leave to renew but ordered Ms. Johnson to (1) file her initial disclosures as served on the defense consistent with the court's scheduling order, (2) appear in person on July 30, 2020 before the court to show cause why the case shouldn't be dismissed, and (3) file an individual status report with the court before the show cause and parallel pretrial hearing. Berrien County filed a status report. Ms. Johnson didn't. She also didn't file her initial disclosures or any supplement. Inexplicably, she still hasn't done so.

Before the show cause hearing, Berrien County renewed its motion to dismiss, doing so this time under the factors in *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-32 (7th Cir. 2018). Ms.

Johnson didn't respond to this motion. Berrien County underscored this time that Ms. Johnson never responded to interrogatories and document requests due July 23, 2020.

Perhaps with little surprise at this point, Ms. Johnson failed to appear at the show cause hearing. Rather than dismiss the case then, and sensitive to circumstances that might be driven by the COVID-19 pandemic, the court gave Ms. Johnson yet another opportunity and ordered her to file a motion to preserve her case and to respond to the court's past show cause order within seven days, "else the court will consider the appropriate relief to be granted here, including under Rules 16, 37, and 41, which may include the dismissal of this case and sanctions without further notice." ECF 26. The court afforded Berrien County that same week to file an itemized statement of its costs and fees associated with filing its first and second motions to dismiss and for attending the show cause hearing.

Suddenly awake, Ms. Johnson answered the court's second show cause order with a mere handful of sentences. Her "failure to comply with the Court[']s directive[s] is straight forward, due to the Covid-19 and Plaintiff's counsel's office being manned on a limited basis." ECF 28. Ms. Johnson said her counsel "failed to read and/or download the Court[']s Opinion and Order of July 14, 2020, (ECF 21) and therefore did not comply with the schedule dates of July 21, 2020 and July 30, 2020." *Id.* Ms. Johnson indicated that counsel was processing a payment of defense fees and costs by August 14, 2020. She said her counsel had done nothing of this sort in 35 years of practice. She proposed dismissing the two unknown officers and her federal claims. Still to this date, however, she hasn't attempted to comply with the court's orders or to answer the show cause substantively.

STANDARD

Rules 41(b) and 16(f) guide the court. Rule 41(b) states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 16(f) authorizes the sanction of dismissal as a "just order" when there is a clear record of delay or contumacious conduct and by incorporating Rule 37(b)(2)(A) when a party fails to

comply with an order to provide discovery. *Toney v. Rosewood Care Ctr., Inc.*, 62 F. Appx. 697, 700 (7th Cir. 2003). Dismissal remains "an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Kasalo v. Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (quoting *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008)).

The "criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same" here. *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993). The standards often work together in this type of case:

> Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice. One way in which a plaintiff can fail to prosecute his case is by disobeying a discovery order and another way is by disobeying an order to attend a pre-conference hearing. A determination that by disobeying either type of order the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16, without reference to 41(b).

*Id.*

DISCUSSION

To begin, the court considers the following factors under Rule 41(b) given the renewed motion to dismiss for Ms. Johnson's failure to prosecute her case: (1) the frequency and magnitude of her noncompliance, (2) the burden on the court's calendar and time, (3) the prejudice to the defendants, (4) the probable merits of the suit, (5) the consequences of dismissal for the social objectives that the litigation represents, and (6) whether the mistakes are attributable to the plaintiff or her counsel. *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931-32 (7th Cir. 2018). Ms. Johnson hasn't responded to Berrien County's renewed motion, so the court may rule summarily. *See* N.D. Ind. L.R. 7-1(d)(5).

At this point, Ms. Johnson's noncompliance has been substantial. She didn't file her initial disclosures (as ordered by the court), and still hasn't, even after awakening from her slumber. On this record, she didn't even prepare and tender those disclosures to the other side. She didn't file a court-

4

ordered status report. She didn't appear at the show cause and parallel Rule 16 hearing. She didn't file a motion to preserve her case. She didn't respond to Berrien County's second motion to dismiss. She hasn't responded to Berrien County's discovery requests. Yes, Berrien County would normally meet and confer with counsel to discuss that noncompliance and then file a motion to compel; but, if the court cannot get Ms. Johnson's attention through her counsel, not least at a show cause hearing and Rule 16 conference set to get the case on track, nothing suggests that this alternative process will. That concern is heightened when discovery is set to close October 31, 2020 and when, on this record, Ms. Johnson hasn't participated in discovery as early as her initial disclosures. For 391 days (July 11, 2019 to August 5, 2020), Ms. Johnson seems to have done nothing in this case except respond to the first Rule 41(b) motion to dismiss—and then only with a bland response that left the court to wonder the true status of the case and to set a show cause hearing.

For a case typically managed in this district by the magistrate judge through the close of discovery, the presiding judge has now been forced by Ms. Johnson to expend significant resources to address two motions to dismiss for her failure to prosecute, prepare for and conduct a show cause hearing, issue a second show cause order, actively monitor the case and set a Rule 16 conference designed to get the case on track, and otherwise evaluate a desultory response to the show cause order. For over a year, Berrien County has endured the same time-consuming efforts and now cannot properly defend its case on the eve of discovery closing. The court has offered Ms. Johnson all the opportunities she will get; and, even now, she still hasn't complied. The court warned Ms. Johnson in its show cause order that it fully expected the case to be on track by the July 30, 2020 hearing. It wasn't by then and still isn't. The payment of Berrien County's costs and fees related to its motions and the show cause hearing doesn't cure all the prejudice to it.

Though dismissal for failure to prosecute remains an appropriate sanction for the lawyer's delays or contumacious conduct even when his client may prove blameless, *see Link v. Wabash R.R.*

5

*Co.*, 370 U.S. 626, 633-34 (1962), the court remains ever mindful that a dismissal of a plaintiff's case for the lawyer's sins should occur cautiously, particularly in a civil rights case and because of the social objectives such a case serves, *see Ball v. City of Chicago*, 2 F.3d 752, 755-60 (7th Cir. 1993). Here, and based on a more developed record, the court has no pause in dismissing this case. Whatever merits Ms. Johnson may have seen initially in alleging that Berrien County (and the sheriff and deputy) violated her civil rights when she and a driver led law enforcement on a dangerous high-speed chase (up to 100 mph) from Michigan into Indiana, she admittedly thinks little of her case now. She has moved to voluntarily dismiss four of five counts, likely smart, *see, e.g.,* Ind. Code § 35-33-3-1; *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998); and her fifth (state law claims of negligence) ostensibly lacks the statutory notice prescribed by state law that would permit the claims to proceed,[1] *see* Ind. Code § 34-13-3-8; M.C.L. § 600.6431(4); *see*, *e.g.*, *Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013); *Town of Knightstown v. Wainscott*, 70 N.E.3d 450, 455-56 (Ind. Ct. App. 2017); *McCahan v. Brennan*, 822 N.W.2d 747, 750 (Mich. 2012). On this record, it seems no tort claims notice was ever prepared and served. Ms. Johnson has conducted no discovery to develop her claims. Neither the so-called merits here nor any perceived social objective to this civil rights action compel retention of the case.

Much to the court's dismay, the noncompliance here appears almost entirely lawyer-driven, at least on this record. That said, the case would seem to need Ms. Johnson's participation for discovery purposes, so the court cannot say she bears no responsibility for not monitoring its status and progress. In short, the factors under Rule 41(b), which Ms. Johnson leaves wholly unaddressed, favor dismissal.

The parallel analysis under Rule 16 leads equally to this same result. Ms. Johnson had notice. *See Ball,* 2 F.3d at 755. The court expressed clearly that it expected the case to be on track by July 30,

---

[1] Berrien County raises this issue under Indiana law in response to Ms. Johnson's motions to amend and dismiss claims (ECF 32). Ms. Johnson never replies. Under either Michigan or Indiana law, the lack of notice would seem to preclude her fifth count.

2020 and that the parties would address the "status of this case, including mediator selection, mediation, discovery, whether the two unnamed officers should be dismissed, and trial readiness." The court ordered Ms. Johnson to file a status report by July 24, 2020 for that purpose. She didn't file such a report or attend the hearing, nor in response to the show cause order address all that needs addressed to move this case efficiently to conclusion—not initial disclosures, discovery, mediation, or other issues to ready the case for trial.

Ms. Johnson's motion now to dismiss the two unnamed officers comes too late to justify a dismissal without prejudice. Her motion to amend the complaint by striking counts one through four would leave only the state law claims in count five—an odd head fake in response to clear court orders because, if granted, it might risk elimination of the court's jurisdiction, leave the defendants adrift on remand with discovery likely starting anew or with claims that could be refiled, and leave the court's show cause order still unanswered. *See, e.g.*, *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009). That the court won't do, particularly given its investment to date in this case and the prejudice to the defendants here.

And there is amplified concern. Ms. Johnson has not just failed to comply with a pretrial order but has proven her counsel less than candid. The court takes no pleasure in pointing this out. Of the representations of concern, the court focuses on one. Ms. Johnson has had three opportunities to establish that she sent her initial disclosures to Berrien County as she claimed—first in response to the county's initial motion to dismiss, then in compliance with the court's show cause and Rule 16 order, and then even now in response to the court's second show cause order. The court characterized the issue as follows in its initial show cause order:

> Of more concern, Ms. Johnson was required to make initial disclosures under Rule 26, and that is no meaningless exercise. Her blanket and unexplained denial in the form of an answer is wholly insufficient in response to this concern from Berrien County. Indeed, there seems to be a fundamental contradiction—Berrien County says it never received initial disclosures, and Ms. Johnson calls that "Untrue." Either Ms. Johnson

7

>provided these disclosures, or she didn't, and the court will resolve that at the show cause hearing.

Inexplicably, she still hasn't filed these initial disclosures, as ordered, to support her statement to the court, and the court can only take from that contumacious failure that her representation to the court was disconcertingly untrue. Undeservedly drawing into question the honesty of opposing counsel is one thing; misleading the court is another. That duty of candor falls on her attorney and is one driving force to the court's referral to the Attorney Grievance Commission of the State of Michigan.

The court should consider lesser sanctions before settling on dismissal; and it has done so here. *See Rivera v. Drake*, 767 F.3d 685, 686-87 (7th Cir. 2014). By filing a response to the court's second show cause order and motions to amend and voluntarily dismiss, Ms. Johnson and her counsel clearly had notice of the docket, the court orders, and her requirement to show cause to preserve this case (as ordered twice). Yet her noncompliance persists. At this point, it is just noncompliant icing on this jumbled cake. Lesser sanctions would only further promote Ms. Johnson's inability, through her counsel, to follow court rules and lead to the court spending more resources to keep them in line, particularly when candor is less than forthcoming. "Consequences are the goads to compliance; to use adverse effects as a reason to overlook the requirements is to reduce the incentive to comply and make litigation even longer and more complex than it is"—exactly what has transpired here. *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir. 1989); *accord Pioneer Inv. Servs. Co. v. Brunswick Assocs., LP*, 507 U.S. 380, 397 (1992) (party cannot "avoid the consequences of the acts or omissions of [her] freely selected [attorney]") (quoting *Link*, 370 U.S. at 633-34).

The court remains ever sensitive to the demands on counsel and the judicial system in a COVID-19 world. Still, mere general reference to COVID-19 is wholly insufficient here, particularly when there is no indication that electronic service of the court's orders was somehow disrupted, or that counsel was incapacitated in any way.

Berrien County has submitted an itemized bill of costs and fees related to its motions to dismiss and the show cause hearing. The court finds the costs and fees reasonable, and Ms. Johnson must too because her counsel agreed to pay them by August 14, 2020. Whether that has been done, the court awards these expenses to Berrien County. Indeed, for the fees incurred for not participating or being prepared to participate in the Rule 16 conference, and for noncompliance with this court's scheduling order and orders to show cause and produce discovery, the court must award reasonable costs and fees because of the ongoing noncompliance. *See* Fed. R. Civ. P. 16(f)(2), 37(b)(2)(C); *see also* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). Ms. Johnson's counsel is responsible for paying these costs and fees, not Ms. Johnson.

## CONCLUSION

Accordingly, the court DISMISSES this case WITH PREJUDICE under Federal Rules of Civil Procedure 16, 37, and 41(b); GRANTS the motion to dismiss all defendants (ECF 23); DIRECTS the clerk to enter judgment for the defendants; DENIES as MOOT Ms. Johnson's motions to dismiss the unknown officers (ECF 29) and to amend the complaint (ECF 30); ORDERS Ms. Johnson's counsel to pay Berrien County its reasonable attorney fees and costs of $3,281.98 by September 17, 2020, if not already paid; ORDERS plaintiff's counsel to provide a copy of this order to Samantha Johnson; and REFERS this matter to the Attorney Grievance Commission of the State of Michigan. This order terminates the case.

SO ORDERED.

September 3, 2020                                  *s/ Damon R. Leichty*
                                                                                Judge, United States District Court